UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADAM CHRISTOPHER <br>      Plaintiff, <br><br>     v. <br><br> CATHY JESS, CINDY O'DONNELL, <br> BETH DITTMAN, EMILY <br> DAVIDSON, STEPHANIE HOVE, <br> BRAD HOMPE, TAMMY MAASSEN, <br> GEORGIA KOSTOHRYZ, Dr. LILLY <br> LIU, JODI DOUGHERTY, B. <br> MULLER, LIZZIE TEGELS, E. <br> KIMPEL, Sergeant ISENSEE, J. <br> DOE 1, J. DOE 2, J. DOE 3, <br> J. DOE 4, J. DOE 5, and Dr. <br> BRET REYNOLDS and K.Richardson. <br>     Defendants. | Case No. 18-cv-944-bbc |

COMPLAINT

PLAINTIFF

Plaintiff is a citizen of the state of Wisconsin and resides at Jackson Correctional Institution, N6500 Haipek Road, Black River Falls, Wisconsin 54615.

SUMMARY OF CLAIMS

Plaintiff is suing staff and contractors for the Wisconsin Department of Corrections for violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution, and for state law tort claims via supplemental jurisdiction.

JURISDICTION

This Court has jurisdiction under 28 U.S.C. 1331, 1343(a) and 1367 and 42 U.S.C. 1983.

DEFENDANTS

1.  All Defendants are believed to be citizens of the State of Wisconsin and, at all times relevant to this complaint, worked for the Wisconsin Department of Corrections ("DOC"), either as staff or contractors, at Jackson Correctional Institution ("JCI"), located at N6500 Haipek Road, Black River Falls, Jackson County, Wisconsin 54615.

2.  All Defendants are sued in their official and individual capacities.

3.  Defendant CATHY JESS is the Director of the DOC.

4.  Defendant CINDY O'DONNELL is a staffer who works in the office of the DOC Director.

5.  Defendant BETH DITTMANN is the DOC's Bureau of Health Services Nursing Coordinator.

6.  Defendant EMILY DAVIDSON is a DOC Corrections Complaint Examiner ("CCE").

7.  Defendant STEPHANIE HOVE is a staffer in the office of the DOC Director.

8.  Defendant BRAD HOMPE is a CCE for the DOC.

9.  Defendant TAMMY MAASSEN is the Health Services Unit ("HSU") Nursing Supervisor at JCI.

10. Defendant GEORGIA KOSTOHRYZ was a nurse at JCI's HSU.

11. Defendant LILLY LIU is a physician at JCI's HSU.

12. Defendant JODI DAUGHERTY is an Institution Complaint Examiner ("ICE") at JCI.

13. Defendant LIZZIE TEGELS is the Warden at JCI.

14. Defendant E. KIMPEL is a nurse at JCI's HSU.

15. Defendant K. RICHARDSON is an ICE for the DOC.

2

16. Defendant Sergeant ISENSEE was a Correctional Officer on Quarry Unit at JCI.

17. Defendant J. DOE 1 was a nurse at JCI's HSU.

18. Defendant J. DOE 2 was a Correctional Officer on Quarry Unit.

19. Defendant J. DOE 3 was a Correctional Officer on Quarry Unit.

20. Defendant J. DOE 4 was a nurse at JCI's HSU.

21. Defendant J. DOE 5 was a nurse at JCI's HSU.

22. Defendant Dr. BRET REYNOLDS is a psychiatrist at JCI's HSU.

23. Defendant B. MULLER is an ICE at JCI.

JURY TRIAL

24. Plaintiff demands a trial by jury.

LIABILITY

25. Defendants are sued in their official capacities for declaratory and injunctive relief, and their individual capacities for monetary relief.

26. Plaintiff requests that Defendants be held jointly and severally liable for damages.

DEFENDANT KOSTOHRYZ

27. On May 20, 2016, Plaintiff went to JCI's HSU for back pain from his degenerative disc disease, and saw Defendant Kostohryz. She asked what he'd previously been prescribed for the condition, and he mentioned muscle relaxants. Kostohryz falsely told him that inmates cannot be prescribed muscle relaxants.

28. Kostohryz refused to refer him to a physician for pain.

29. Kostohryz only issued him a single bottle of ibuprofen and despite Plaintiff telling her that he was a new transfer and could not access canteen for weeks, she told him that if he needed more ibuprofen he'd have to buy it himself from canteen, leading Plaintiff to suffer unnecessary pain.

30. On September 12, 2016, Plaintiff went to HSU because of chronic gastrointestinal pain. Kostohryz dismissed his ailment, saying: "This is a non-emergency."

31. Kostohryz claimed his pain was caused by soy in the food at JCI, and she refused to refer him to a physician, causing him to suffer unnecessary pain.

32. A CO told Plaintiff there was no soy in the food at that time.

33. Kostohryz issued Plaintiff one bottle of simethicone tablets and told him to buy more from canteen, even though he told her they don't sell simethicone tablets on canteen.

34. On February 16, 2017, Plaintiff went back to HSU, still having gastrointestinal pain. Kostohryz again refused to refer him to a physician, leading him to suffer unnecessary pain.

4

## MISSED MEDICAL APPOINTMENTS

35. On March 28, 2017, at about 14:35, Plaintiff was to see Dr. Martin for gastrointestinal pain. Nurse J. Doe 1 called Quarry Unit and asked for Plaintiff to be sent to HSU. Plaintiff was not at Quarry Unit, but was at work in the library, like most weekdays.

36. CO J. Doe 2 did not inform Plaintiff of his appointment, and he did not call the library to look for him.

37. Nurse J. doe 1 never called back to find out why Plaintiff had not showed, but simply canceled his appointment.

38. Plaintiff did not find out about the appointment until days later. HSU will not "work-in" patients with missed appointments, but reschedules them, so Plaintiff had to wait two weeks for the next appointment, causing him unnecessary pain.

39. On August 27, 2018, Plaintiff was scheduled to be seen by Dr. Reynolds, a psychiatrist at JCI who was treating Plaintiff for depression, anxiety, and chronic fatigue.

40. Defendant Dr. Reynolds called Quarry Unit at around 10 AM and asked for Plaintiff to be sent to HSU. Plaintiff, as usual, was working in the library.

41. Defendant Sgt. Isensee called Plaintiff's name on the unit, but didn't go looking for him when he didn't appear, and didn't check the worker list to see that he was in the library.

42. Plaintiff missed the appointment, which he needed to get his medication adjusted, and Dr. Reynolds made him wait six weeks for the next one.

43. Plaintiff's rescheduled psychiatrist appointment was to be during the week of October 8, 2018. Dr. Reynolds stated that he called Quarry Unit twice and asked for Plaintiff. He again did not follow up when Plaintiff never arrived.

44. Unit staff never told Plaintiff about the appointment. He was at work, as usual. Plaintiff had to suffer unnecessarily. [Doe 3]

45. After the first missed appointment, Plaintiff filed a complaint. Defendant Muller, as ICE at JCI, refused to accept or investigate Plaintiff's complaint, without giving a clear and valid reason.

46. Her lack of action led to the recurrence of the issue in October, and the likely continuence of it to this day.

47. In a subsequent complaint about the refusal to accept that complaint, the Warden was notifed of the ongoing issue, but she did not act or investigate and she dismissed the complaint.

48. Defendants Richardson, Davidson, and O'Donnell dismissed Plaintiff's complaint without action, also causing the recurrence of the missed appointment in October.

49. At the suggestion of ICE "M. Jesse", Plaintiff repaired and resubmitted his original complaint about the August 27 appointment on October 25, 2018. This complaint has not been acknowledged, returned, or rejected, over 10 days later, in violation of Wisconsin law.

NEGLIGENT SCHEDULING PRACTICES

50. On May 18, 2018, Plaintiff was seen in HSU for chronic fatigue. The nurse referred him to a physician, indicating on the form that he should be seen "within 14 days."

51. He was not seen until June 21, 2017.

52. On September 7, 2017, Plaintiff was referred to a physician for his back pain, which had not abated since his May 20, 2016 appointment.

53. He was not seen by a physician until November 1, 2017.

54. On November 27, 2017, Dr. Martin referred Plaintiff to the physical therapist for back pain.

55. He was not seen by the physical therapist for over 3 months, until March, 2018.

56. When a patient misses their appointment due to not being informed of it (a staff error), they are not seen immediately, but thrown to the back of the line, waiting days or weeks for the next opening.

57. These practices had led and continue to lead to Plaintiff's unnecessary suffering.

58. Plaintiff has filed multiple complaints, but ICEs keep referring him to his Unit Manager without investigation, and he receives no response from the Unit Manager, who is not in the chain of command for medical issues.

DR. LIU

59. On about May 9, 2018, Plaintiff saw Dr. Liu in HSU for back pain, gastrointestinal pain, and chronic fatigue.

60. Dr. Liu prescribed Colace ("docusate") for the gastrointestinal pain, despite being informed that Plaintiff had already tried it for a year under Dr. Martin, and that it made things worse. This lead to unnecessary pain and suffering.

61. She prescribed nothing for back pain or fatigue, causing unnecessary pain and suffering.

62. One about May 18, 2018, Plaintiff sent a request to HSU reminding them that he had not been treated for back pain or fatigue.

63. On May 22, 2018, Plaintiff again saw Dr. Liu, who ordered an X-ray of his abdomen, but nothing for back pain or fatigue, leading to unnecessary pain and suffering.

64. Plaintiff continued sending HSU requests, per the instructions in his complaint dismissals.

65. On June 28, 2018, Plaintiff was seen by Nurse Kimpel. She did not provide any treatment, leading to unnecessary pain. She claimed he had a physician appointment "soon", and she wrote in his chart that he was scheduled to July 1. He was not seen on July 1, or on any other date in July.

66. When Plaintiff finally saw Dr. Liu again on August 3, 2018, she claimed she was ordering a colonoscopy for his gastrointestinal tract and a back specialist for his pain. She did not address the fatigue.

67. HSU later told Plaintiff that she had not ordered a colonoscopy.

8

INMATE COMPLAINT SYSTEM

68. On about May 10, 2018, Plaintiff filed an inmate complaint because his medical needs were not being met: an ongoing issue.

69. Defendant Dougherty, ICE, did not contact Plaintiff for any additional information, but recommended his complaint be dismissed, despite his pleas for treatment, which lead to continued unnecessary pain to this day.

70. Defendant Dittmann dismissed Plaintiff's complaint, so that Plaintiff continued to be denied treatment, leading to unnecessary pain.

71. Defendant Davidson, without conducting an investigation, recommended dismissal of Plaintiff's appeal, leading to continued unnecessary pain.

72. Defendant O'Donnell dismissed Plaintiff's complaint, leading to his continued unnecessary pain.

73. On about July 10, 2018, Plaintiff filed another complaint stating that he hadn't been seen July 1 and begging for an MRI, a pain management specialist, a gastroenterologist, and treatment for chronic fatigue.

74. In the dismissal, Defendants Dougherty and Maassen claimed that he had an upcoming appointment in July.

75. As stated, Plaintiff was never seen in July, leading to unnecessary pain.

76. Despite the fact that Plaintiff still hadn't been seen by August 1, Dittmann, Hompe, and Hove dismissed his complaint without investigation, leading to continued unnecessary pain.

9

RETALIATION

77. Between May 10, 2018 and May 20, 2018, Plaintiff wrote HSU saying his symptoms were worse. He was not seen.

78. On May 13, 2018, Defendant Kimpel, in retaliation for Plaintiff's complaints and HSU requests, called him to HSU and held him there while COs ransacked Plaintiff's cell under Kimpel's orders. They also confiscated his medication, both those prescribed by Dr. Liu,  and those Plaintiff had purchased on his own from canteen. This led him to suffer unnecessary pain.

79. On or around September 30, 2018, Plaintiff received a refill of his acetaminophen containing only 670mg per dose, instead of the 1000mg he was prescribed. This made him suffer unnecessary pain, and is believed to be in retaliation for grievances filed.(Doe 4)

80. On October 15, 2018, J. Doe 5 refused to refill Plaintiff's Ocuvite vitamins--the only treatment to possibly slow his macular degeneration. This may lead to faster onset of blindness.

81. On October 17, 2018, Plaintiff filed a complaint about these medication problems. On October 19, Dr. Liu reduced Plaintiff's acetaminophen prescription by half, to 500mg, despite knowing that acetaminophen was already insufficient to control Plaintiff's pain as it was, and without prescribing any replacement drug or therapy. This led to unnecessary pain.

CLAIM 1

Plaintiff realleges and incorporates by reference paragraphs 27-29. Plaintiff alleges that Defendant Kostohryz  was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the Constitution of the United States of America.

CLAIM 2

Plaintiff realleges and incorporates by reference paragraphs 27-29. Plaintiff alleges that Defendant Kostohyrz  was negligent in her duty to provide care for Plaintiff's serious medical needs, in violation of Wisconsin state law.


CLAIM 3

Plaintiff realleges and incorporates by reference paragraphs 30-33. Plaintiff alleges that Defendant Kostohryz  was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the Constitution of the United States of America.

CLAIM 4

Plaintiff realleges and incorporates by reference paragraphs 30-33. Plaintiff alleges that Defendant Kostohryz  was negligent in her duty to provide care for Plaintiff's serious medical needs, in violation of Wisconsin state law.

CLAIM 5

Plaintiff realleges and incorporates by reference paragraph 34.
Plaintiff alleges that Defendant Kostohryz was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 6

Plaintiff realleges and incorporates by reference paragraph 34.
Plaintiff alleges that Defendant Kostohryz was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 7

Plaintiff realleges and incorporates by reference paragraphs 35-38.
Plaintiff alleges that Defendant J. Doe 1 was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 8

Plaintiff realleges and incorporates by reference paragraphs 35-38.
Plaintiff alleges that Defendant J. Doe 1 was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 9

Plaintiff realleges and incorporates by reference paragraphs 35-38. Plaintiff alleges that Defendant J.Doe 2 was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the Constitution of the United States of America.

CLAIM 10

Plaintiff realleges and incorporates by reference paragraphs 35-38. Plaintiff alleges that Defendant J. Doe 2 was negligent in his duty to provide care for Plaintiff's serious medical needs, in violation of Wisconsin state law.

CLAIM 11

Plaintiff realleges and incorporates by reference paragraphs 39-42. Plaintiff alleges that Defendant Eisensee was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the Constitution of the United States of America.

CLAIM 12

Plaintiff realleges and incorporates by reference paragraphs 39-42. Plaintiff alleges that Defendant Eisensee was negligent in his duty to provide care for Plaintiff's serious medical needs, in violation of Wisconsin state law.

CLAIM 13

Plaintiff realleges and incorporates by reference paragraphs 43-44. Plaintiff alleges that Defendant Doe 3 was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the Constitution of the United States of America.

CLAIM 14

Plaintiff realleges and incorporates by reference paragraphs 43-44. Plaintiff alleges that Defendant Doe 3 was negligent in his duty to provide care for Plaintiff's serious medical needs, in violation of Wisconsin state law.

CLAIM 15

Plaintiff realleges and incorporates by reference paragraphs 39-42. Plaintiff alleges that Defendant Reynolds was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the Constitution of the United States of America.

CLAIM 16

Plaintiff realleges and incorporates by reference paragraphs 39-42. Plaintiff alleges that Defendant Reynolds was negligent in his duty to provide care for Plaintiff's serious medical needs, in violation of Wisconsin state law.

14

CLAIM 17

Plaintiff realleges and incorporates by reference paragraphs 43-44.
Plaintiff alleges that Defendant Reynolds  was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 18

Plaintiff realleges and incorporates by reference paragraphs 43-44.
Plaintiff alleges that Defendant Reynolds  was negligent in
his duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 19

Plaintiff realleges and incorporates by reference paragraphs 39-46.
Plaintiff alleges that Defendant Muller    was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 20

Plaintiff realleges and incorporates by reference paragraphs 39-46.
Plaintiff alleges that Defendant Muller    was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

15

CLAIM 21

Plaintiff realleges and incorporates by reference paragraphs 39-47. Plaintiff alleges that Defendant Tegels was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the Constitution of the United States of America.

CLAIM 22

Plaintiff realleges and incorporates by reference paragraphs 39-47. Plaintiff alleges that Defendant Tegels was negligent in her duty to provide care for Plaintiff's serious medical needs, in violation of Wisconsin state law.


CLAIMS 23-25

Plaintiff realleges and incorporates by reference paragraphs 39-48. Plaintiff alleges that Defendants Richardson, Davidson, and O'Donnell were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the Constitution of the United States of America.

CLAIMS 26-28

Plaintiff realleges and incorporates by reference paragraphs 39-48. Plaintiff alleges that Defendants Richardson, Davidson, and O'Donnell were negligent in their duty to provide care for Plaintiff's serious medical needs, in violation of Wisconsin state law.

CLAIM 29

Plaintiff realleges and incorporates by reference paragraphs 59-61.
Plaintiff alleges that Defendant Liu was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 30

Plaintiff realleges and incorporates by reference paragraphs 59-61.
Plaintiff alleges that Defendant Liu was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.


CLAIM 31

Plaintiff realleges and incorporates by reference paragraphs 62-63.
Plaintiff alleges that Defendant Liu was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 32

Plaintiff realleges and incorporates by reference paragraphs 62-63.
Plaintiff alleges that Defendant Liu was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 33

Plaintiff realleges and incorporates by reference paragraphs 64-67.
Plaintiff alleges that Defendant Liu was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 34

Plaintiff realleges and incorporates by reference paragraphs 64-67.
Plaintiff alleges that Defendant Liu was negligent in
his duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 35

Plaintiff realleges and incorporates by reference paragraphs 59-69.
Plaintiff alleges that Defendant Dougherty was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 36

Plaintiff realleges and incorporates by reference paragraphs 59-69.
Plaintiff alleges that Defendant Dougherty was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 37

Plaintiff realleges and incorporates by reference paragraphs 59-70.
Plaintiff alleges that Defendant Dittmann was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 38

Plaintiff realleges and incorporates by reference paragraphs 59-70.
Plaintiff alleges that Defendant Dittmann was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 39

Plaintiff realleges and incorporates by reference paragraphs 59-71.
Plaintiff alleges that Defendant Davidson was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 40

Plaintiff realleges and incorporates by reference paragraphs 59-71.
Plaintiff alleges that Defendant Davidson was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 41

Plaintiff realleges and incorporates by reference paragraphs 59-72.
Plaintiff alleges that Defendant O'Donnell was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 42

Plaintiff realleges and incorporates by reference paragraphs 59-72.
Plaintiff alleges that Defendant O'Donnell was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIM 43

Plaintiff realleges and incorporates by reference paragraphs 73-75.
Plaintiff alleges that Defendant Dougherty was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 44

Plaintiff realleges and incorporates by reference paragraphs 73-75.
Plaintiff alleges that Defendant Dougherty was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

20

CLAIM 45

Plaintiff realleges and incorporates by reference paragraphs 73-75.
Plaintiff alleges that Defendant Maassen  was deliberately
indifferent to Plaintiff's serious medical needs, in violation
of the Eighth Amendment to the Constitution of the United States
of America.

CLAIM 46

Plaintiff realleges and incorporates by reference paragraphs 73-75.
Plaintiff alleges that Defendant Maassen  was negligent in
her duty to provide care for Plaintiff's serious medical needs,
in violation of Wisconsin state law.

CLAIMS 47-49

Plaintiff realleges and incorporates by reference paragraphs 73-76.
Plaintiff alleges that Defendants Dittmann, Hove, and Hompe were
deliberately indifferent to Plaintiff's serious medical needs,
in violation of the Eighth Amendment to the Constitution of the
United States of America.

CLAIMS 50-52

Plaintiff realleges and incorporates by reference paragraphs 73-76.
Plaintiff alleges that Defendants Dittmann, Hove, and Hompe were
negligent in their duties to provide care for Plaintiff's serious
medical needs, in violation of Wisconsin state law.

21

CLAIM 53

Plaintiff realleges and incorporates by reference paragraphs 77-78.
Plaintiff alleges that Defendant Kimpel    medically retaliated
against Plaintiff for exercising his right to file grievances,
in violation of the First Amendment to the Constitution of the
United States of America.

CLAIM 54

Plaintiff realleges and incorporates by reference paragraph 79.
Plaintiff alleges that Defendant J. Doe 4   medically retaliated
against Plaintiff for exercising his right to file grievances,
in violation of the First Amendment to the Constitution of the
United States of America.

CLAIM 55

Plaintiff realleges and incorporates by reference paragraph 80.
Plaintiff alleges that Defendant J. Doe 5   medically retaliated
against Plaintiff for exercising his right to file grievances,
in violation of the First Amendment to the Constitution of the
United States of America.

CLAIM 56

Plaintiff realleges and incorporates by reference paragraphs 81.
Plaintiff alleges that Defendant  Liu      medically retaliated
against Plaintiff for exercising his right to file grievances,
in violation of the First Amendment to the Constitution of the
United States of America.

CLAIMS 57-59

Plaintiff realleges and incorporates by reference paragraphs 50-58.

Plaintiff alleges that Defendants Jess, Tegels, and Maassen adopted

and sustained unconstitutional laws, customs, and policies with

regard to inmate medical scheduling, in violation of the Fourteenth

Amendment to the Constitution of the United States of America.


CLAIMS 60-62

Additionally, Plaintiff alleges that Defendants Jess, Tegels,

and Maassen, in their supervisory roles, are best situated to

identify Doe defendants, as well as additional defendants, during

discovery.


23

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants and issue an order:

(a) Declaring the practice of Defendants' to be unconstitutional;

(b) Enjoining Defendants from enforcing any policies found to be unconstitutional;

(c) Awarding Plaintiff compensatory and punitive damages, including pain and suffering;

(d) Awarding Plaintiff's attorneys' fees pursuant to 42 U.S.C. § 1988 and costs; and

(e) Granting Plaintiff all other relief that this Court deems just and proper.

DATED ON: November 8, 2018

Respectfully submitted,

ADAM CHRISTOPHER
PLAINTIFF
PO BOX 233
BLACK RIVER FALLS, WI 54615

JURY DEMAND

☒   Jury Demand – I want a jury to hear my case
OR

☐   Court Trial – I want a judge to hear my case

Dated this __8__ day of __November__ 20 __18__.

Respectfully Submitted,

Signature of Plaintiff

640313

Plaintiff's Prisoner ID Number

JCI #640313, PO Box 233

Black River Falls, WI 54615

(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☒   I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐   I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.