IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                         OPINION AND ORDER

           Plaintiff,

                           18-cv-944-bbc

        v.

CATHY JESS, TAMMY MAASSEN,
GEORGIA KOSTOHRYZ, DR. LILY LUI,
JODI DOUGHERTY, BRANDA MULLER,
LIZZIE TEGELS, E. KIMPEL, SERGEANT ISENSEE
J. DOE 1, J. DOE 2, J. DOE 3, J. DOE 4, J. DOE 5,
DR. BRET REYNOLDS, MAGGIE JESSIE and
E. SCROOGE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Adam Christopher filed a civil action under 42 U.S.C. § 1983,

contending that 16 prison employees at the Jackson Correctional Institution and the former

Secretary of the Wisconsin Department of Corrections violated his constitutional rights by

failing to provide him adequate treatment for various medical problems, failing to notify him

when he had medical appointments, refusing to reschedule appointments that were missed

as a result of prison staff error, failing to insure that there was adequate hand soap in the

prison restrooms, failing to act on the grievances he filed regarding his need for medical care,

and retaliating against him for grievances he filed. Shortly after filing his original complaint,

plaintiff filed an amended complaint that I will treat as the operative pleading.

      Because plaintiff is incarcerated, I must screen his amended complaint under 28

U.S.C. § 1915A. After reviewing the amended complaint, I conclude that I cannot allow

1

plaintiff to proceed on any claim at this time because the number of claims and defendants in his amended complaint violates Rule 20 of the Federal Rules of Civil Procedure and makes the case unmanageable. I will give plaintiff an opportunity to choose which claims he wishes to pursue in this case, which claims he wants to pursue in a different case, and which claims he wishes to dismiss without prejudice to refiling them at a later date.

Plaintiff alleges the following facts in his complaint.


ALLEGATIONS OF FACT

A.  The Parties

Plaintiff Adam Christopher was incarcerated at the Jackson Correctional Institution during all times relevant to his complaint. Most of the defendants were employed at Jackson Correctional during the relevant time period: Tammy Maassen was the health services unit nursing supervisor; Dr. Lily Liu was a physician; Georgia Kostohryz, E. Kimpel and J. Does 1, 4 and 5 were nurses; Dr. Bret Reynolds is a psychiatrist; Jodi Dougherty and B. Muller were institution complaint examiners; Sergeant Isensee and J. Does 2 and 3 were correctional officers; and Lizzie Tegels is the warden. Plaintiff also named as defendants E. Scrooge, a policymaker for Jackson Correctional Institution, and Cathy Jess, the former Secretary of the Wisconsin Department of Corrections.


B.  Treatment for Back Pain, Fatigue and Gastrointestinal Problems

Plaintiff was transferred to Jackson Correctional Institution in May 2016. On May 20, 2016, plaintiff saw defendant Nurse Kostohryz in the health services unit for back pain caused

by degenerative disc disease. Plaintiff told Kostohryz that he had been prescribed muscle relaxants for his pain previously, but Kostohryz told him falsely that inmates cannot be prescribed muscle relaxants. Kostohryz gave plaintiff a bottle of ibuprofen and told him to buy more from the canteen if he needed it, although plaintiff told her that new transfers could not use the canteen right away. Kostohryz refused to refer plaintiff to a doctor.

On September 12, 2016, plaintiff saw Kostohryz in the health services unit for gastrointestinal pain. Kostohryz told him his pain was not an emergency and she refused to refer him to a doctor. She gave plaintiff one bottle of simethicone tablets and told him to buy more from the canteen, even though plaintiff told her the canteen did not sell simethicone tablets. Plaintiff's gastrointestinal pain continued and he saw Kostohryz again for treatment on February 16, 2017. Kostohyrz again refused to refer him to a doctor.

On May 18, 2017, plaintiff was seen in the health services unit for fatigue. The nurse referred him to a doctor, noting that plaintiff should be seen "within 14 days." He was not seen until June 21, 2017. On September 7, 2017, plaintiff was referred to a doctor for his back pain, but he was not seen by a doctor until November 1, 2017. On November 27, 2017, plaintiff was referred to physical therapy for his back pain. He was not seen by the physical therapist until March 2018.

On May 9, 2018, plaintiff saw defendant Dr. Liu for back pain, gastrointestinal pain and chronic fatigue. Liu prescribed docusate to plaintiff, although plaintiff told her that he had tried docusate for a year and that it had only made his pain worse. Liu prescribed nothing for plaintiff's back pain or fatigue. Plaintiff filed an inmate complaint about Liu's failure to provide more treatment, but defendant Dougherty dismissed the complaint.

On May 18, 2018, plaintiff submitted a health service request asking for treatment for his back pain and fatigue. On May 22, Liu ordered an x-ray of plaintiff's abdomen, but did not provide him any pain medication.

On June 28, 2018, plaintiff saw defendant Nurse Kimpel. (Plaintiff does not say why he saw Kimpel.) Kimpel did not provide him any treatment, but told him that he was scheduled to see a doctor in July. By July 10, plaintiff had not been seen, so he filed an inmate complaint. Defendants Dougherty and Maassen dismissed the complaint, stating that plaintiff had an upcoming appointment. Maassen later rescheduled plaintiff's appointment for August.

Plaintiff saw defendant Dr. Liu again on August 3. Liu told him that she was ordering a colonoscopy for his gastrointestinal tract and would refer him to a back specialist for his pain. Plaintiff was later told by health services staff that Liu had not ordered a colonoscopy.

## C.  Missed Appointments

On several occasions, plaintiff missed medical appointments because he was not told about them. Plaintiff was scheduled for an appointment with a doctor on March 28, 2017. Plaintiff did not receive notice of the appointment, and he was working in the library at the time. Defendant Nurse J. Doe 1 called plaintiff's unit and asked defendant J. Doe 2 correctional officer to send plaintiff to the health services unit. J. Doe 2 did not attempt to locate plaintiff in the library, so plaintiff missed the appointment. Plaintiff did not know he had missed the appointment until days later, when he learned that Nurse J. Doe 1 had rescheduled the appointment for two weeks later.

On August 27, 2018, plaintiff was scheduled to be seen by defendant Dr. Reynolds, a

psychiatrist who was treating plaintiff for depression, anxiety and chronic fatigue. Reynolds called plaintiff's unit around 10:00 a.m. and asked that plaintiff be sent to the health services unit. Plaintiff was again working in the library. Defendant Sergeant Isensee called plaintiff's name on the unit, but did not look for him when he did not appear and did not check the worker list to determine whether plaintiff was in the library. Plaintiff missed the appointment and his appointment was rescheduled for six weeks later. On the date of the rescheduled appointment, Reynolds again called plaintiff's unit, but plaintiff was again working in the library. Defendant J. Doe 3 correctional officer did not attempt to locate plaintiff for his appointment, so he missed it again. Reynolds did not attempt to follow up with plaintiff.

Plaintiff filed inmate complaints with defendants Muller, an inmate complaint examiner, and defendant Tegels, the warden, regarding the missed appointments, but neither Muller nor Tegels took action to correct the scheduling and notification problems.

### D. Retaliation

Between May 10 and May 20, 2018, plaintiff submitted health service requests. On May 13, defendant Nurse Kimpel called plaintiff to the health services unit and directed correctional officers to search his cell while he was there. Correctional officers confiscated medication from his cell. Plaintiff believes this was in retaliation for complaints he had filed about his health care.

On or around September 30, 2018, defendant Nurse J. Doe 4 refilled plaintiff's acetaminophen prescription with a lower dose than he had been prescribed. Plaintiff believes this was in retaliation for grievances he had filed.

On October 15, 2018, defendant Nurse J. Doe 5 refused to refill plaintiff's ocuvite

vitamins, which are prescribed for his macular degeneration. On October 19, Dr. Liu reduced plaintiff's acetaminophen prescription by half, to 500 mg, despite knowing that the higher dosage was already insufficient to control his pain. Plaintiff believes these actions were taken in retaliation for grievances he had filed.

### E. Soap in the Restrooms

In mid-2018, defendant Scrooge instituted policies that have prevented prison staff from ordering a sufficient amount of hand soap to stock the dispensers in the inmate restrooms. Staff was also directed to stop distributing small bars of soap when the liquid soap dispensers were empty. As a result, inmates are often without soap to wash their hands after using the restroom. Staff has told inmates to buy their own soap from the canteen, even though soap bars purchased by inmates cannot be carried with them outside the unit.

### OPINION

### A. Rule 20 of the Federal Rules of Civil Procedure

Under Rule 20 of the Federal Rules of Civil Procedure, a lawsuit may be severed when it includes unrelated claims against different defendants. Lee v. Cook Cty., Illinois, 635 F.3d 969, 971 (7th Cir. 2011); In re High Fructose Corn Syrup Antitrust Litigation, 361 F.3d 439, 441 (7th Cir. 2004); Aiello v. Kingston, 947 F.2d 834, 835 (7th Cir. 1991). Even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to maintain so many claims against so many different defendants in a single case. Lee, 635 F.3d at 971; In re High

Fructose Corn Syrup Antitrust Litigation, 361 F.3d at 441. As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). When a plaintiff tries to fit too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." Id. at 683.

Most of plaintiff's allegations relate to alleged failures of prison staff to provide him treatment for his medical problems. However, his claims that he was denied adequate care for specific, chronic health problems, including back pain, gastrointestinal problems and fatigue, are factually and legally distinct from his claims that health services staff retaliated against him and prison security and health services staff failed to adequately notify him of his medical appointments. Finally, his claim that the bathrooms do not have adequate hand soap has no factual overlap with any of his other claims.

Even if I assume that some or all of plaintiff's claims could be joined under Rule 20, I conclude that they should be severed under Rule 21 and the court's inherent authority. UWM Student Association v. Lovell, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes."). There are simply too many claims against too many defendants in this case to allow the court to decide them efficiently in one case.

I conclude that the claims in plaintiff's amended complaint belong in four separate

lawsuits that track the four categories of claims described below:

**Lawsuit #1:** Plaintiff's claims that defendants Kostohryz, Liu and Kimpel failed to provide him adequate treatment for his back pain, gastrointestinal pain and fatigue, and defendants Dougherty, Maassen and Tegels failed to respond to plaintiff's complaints regarding the lack of treatment.

**Lawsuit #2:** Plaintiff's claims that defendants Sergeant Isensee, Reynolds and J. Does 1, 2 and 3 failed to take adequate steps to insure that plaintiff could attend his medical appointments and defendants Muller and Tegels failed to respond to plaintiff's complaints regarding his missed appointments.

**Lawsuit #3:** Plaintiff's claims that defendants Kimpel, Liu, J. Doe 4 and J. Doe 5 retaliated against him in various ways because he filed complaints about the health care he was receiving.

**Lawsuit #4:** Plaintiff's claim that defendant Scrooge instituted policies that have resulted in an inadequate amount of hand soap in the prison restrooms.

Although plaintiff may believe that all of his claims are related, I conclude that there are no significant questions of law or fact common to these claims or all of the defendants that would satisfy Rule 20. Rather, the claims in each of these possible lawsuits involve distinct incidents that occurred at different times and involved a different core set of defendants.

Under George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), I may apply the initial payment that plaintiff has made to only one of the four lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other three potential lawsuits, plaintiff has to make a choice. One option for plaintiff is to pursue the other lawsuits separately. If he makes that choice, he will be required to pay a separate filing fee for each lawsuit. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or one of the other reasons listed in § 1915(g). As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in any new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that plaintiff would be able to bring it at another time, so long as he files it before the statute of limitations has run. (In Wisconsin, the statute of limitations for a claim brought under 42 U.S.C. § 1983 is six years. Reget v. City of La Crosse, 595 F.3d 691, 694 (7th Cir. 2010). Any state-law claims may have different statutes of limitations.)

Because it is not clear at this time which of plaintiff's separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they provide fair notice of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915A. Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If plaintiff disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the four lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to comply with a court order.

## B. Motion for Court Assistance in Recruiting Counsel

Also before the court is plaintiff's motion for court assistance in recruiting counsel. Dkt. #7. Plaintiff says he is unable to afford counsel; he has no legal training; imprisonment will limit his ability to litigate; his back pain makes it difficult for him to sit for more than 20 minutes at a time; and the legal and factual issues are complex and will require expert testimony. Plaintiff has shown that he made reasonable efforts to obtain counsel on his own by contacting several lawyers about his case. Dkt. #7-1.

In determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). It is too early to make that determination in this case. Plaintiff's amended complaint was clear, thorough and identified relevant facts and legal standards. However, because his amended complaint contains too many unrelated claims and defendants, I cannot determine whether plaintiff will be permitted to proceed on any claims at this stage or how complex those claims might be. Until this case proceeds past the screening stage, I have no basis for concluding that plaintiff would be unable to litigate

this case on his own.  Accordingly, I will deny plaintiff's request for counsel without prejudice.  He may renew his request after this case progresses further.

ORDER

IT IS ORDERED that

1.  Plaintiff Adam Christopher may have until February 27, 2019, to identify for the court whether he wishes to proceed with lawsuit (1), (2), (3) OR (4) under the case number assigned to this case.  Plaintiff must pick one and only one of these lawsuits to proceed under case no. 18-cv-944-bbc.

2.  Also by February 27, plaintiff is to tell the court which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will dismiss voluntarily, if any.

3.  For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims at a later date, so long as he complies with the statute of limitations.

4.  For each lawsuit plaintiff chooses to pursue, he will owe a separate filing fee.

5.  Once plaintiff chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted.  If plaintiff fails to respond to this order by February 27, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

6.  Plaintiff's motion for assistance in recruiting counsel, dkt. #7, is DENIED without

prejudice.

Entered this 6th day of February, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge