045277/19344/JJR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADAM CHRISTOPHER,<br><br>        Plaintiff,<br><br>v.<br><br>CATHY JESS, TAMMY MAASSEN, GEORGIA KOSTOHRYZ, DR. LILY LIU, JODY DOUGHERTY, BRANDA MULLER, LIZZIE TEGELS, E. KIMPEL, SERGEANT ISENSEE, J. DOE 1, J. DOE 2, J. DOE 3, J. DOE 4, J. DOE 5, DR. BRET REYNOLDS, MAGGIE JESSIE and E. SCROOGE,<br><br>        Defendants. | Case Number: 18 cv 944 |

## DEFENDANT DR. LILY LIU'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Defendant, DR. LILY LIU ("Dr. Liu"), by and through her attorney, John J. Reid of CASSIDAY SCHADE LLP, moves this Court for an Order, pursuant to Fed. R. Civ. P. 56(a), dismissing all Plaintiff's allegations against her except the allegation she prescribed inadequate medication on May 9, 2018 for gastrointestinal issues. Dr. Liu states the following to support the Motion:

### INTRODUCTION

Plaintiff was allowed, through the Court's Screening Order, to proceed on his Eighth Amendment and state negligence claims that Dr. Liu failed to provide him adequate medical care for his back pain, fatigue, and gastrointestinal problems. (PFOF ¶ 2). Upon review of Inmate Complaints, the only allegation against Dr. Liu that arguably appears to have been exhausted is that she provided inadequate medication for gastrointestinal issues on May 9, 2018 when she prescribed Colace. (*See* PFOF ¶¶ 3-4). Dr. Liu moves for summary judgment on all the

remaining allegations on the basis that he failed to exhaust administrative remedies as to Dr. Liu, including allegations that she provided inadequate care for back and fatigue complaints and that she did not order a colonoscopy.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), "the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The opposing party must support his assertions of disputed facts with citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## ARGUMENT

**I.      Exhaustion of administrative remedies is a legal prerequisite to filing suit under 42 U.S.C. § 1983.**

The Prisoner Litigation Reform Act ("PLRA") requires Plaintiff to properly exhaust all available administrative remedies ***prior*** to filing suit in federal court:

> **APPLICABILITY OF ADMINISTRATIVE REMEDIES**.
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The "exhaustion requirement applies to inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A suit filed by a prisoner "before administrative remedies have been exhausted must be dismissed; the district court lacks jurisdiction to resolve the claim on the merits." *Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The "judge must address the subject immediately" and resolve "disputes about its application before turning to any other issue in the suit." *Id.* at 536.

Prisoners must properly exhaust their administrative remedies by completing "the administrative review process in accordance with the applicable procedural rules." *Jones v. Block*, 549 U.S. 199, 217-18 (2007) (citation omitted). This includes filing their complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The exhaustion requirement provides prompt notice and allows prison officials to address a situation internally. *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). The process helps develop a factual record, prevents the exacerbation of any claimed damages, and is "preferable to a system where the prison might get its first notice of a claim in a lawsuit filed several years later." *Id.*; *see also Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

There is no substantial compliance exception; a good faith attempt to exhaust is not enough. *Smith*, F.3d at 452. Furthermore, exhaustion is required no matter what relief the plaintiff seeks. *Booth v. Churner*, 532 U.S. 731 (2001). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects prisoners to adhere to "the specific procedures

and rules established by the prisoner's policy." *Dole v. Chandler*, 438 F.3d 804, 809 (7th. Cir. 2006).

## II. Wisconsin's principal administrative remedy is the Inmate Complaint Review System.

Wisconsin has established the Inmate Complaint Review System ("ICRS") as the principal administrative remedy for those individuals in state custody. Wis. Admin. Code § DOC 310.05. The system allows inmate grievances concerning prison conditions or the actions of the prison officials to be "expeditiously raised, investigated and decided." Wis. Admin. Code § 310.01. Wisconsin law requires an inmate to file an ICRS complaint to challenge "significant issues regarding rules, living conditions, and staff actions affecting institution environment." Wis. Admin. Code § 310.08(1). The ICRS system has "the purpose of affording inmates a procedure by which grievances may be expeditiously raised, investigated, and decided." *Staples v. Young*, 149 Wis. 2d 80, 85, 438 N.W.2d 567 (1989).

Under ICRS, the inmate must file a complaint with the Inmate Complaint Examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code. § DOC 310.07(2). The Reviewing Authority will then make a decision within 15 days following the Institution Complaint Examiner's recommendation. Wis. Admin. Code. § DOC 310.11. If the prisoner is dissatisfied with the result, he may appeal to the Corrections Complaint Examiner within 14 days, and the examiner will recommend a decision to the DOC Secretary. Wis. Admin. Code § DOC 310.12. The Office of the Secretary will then make the final decision. Wis. Admin. Code. § DOC 310.13. The failure to properly complete each step in the process constitutes a failure to exhaust available administrative remedies and requires dismissal. *Pozo*, 286 F.3d at 1025.

**III.    Plaintiff only exhausted administrative remedies for his allegation that Dr. Liu provided him inadequate medication on May 9, 2018 for gastrointestinal issues.**

The only Inmate Complaint filed by Plaintiff that specifically addressed Dr. Liu was filed on May 9, 2018 addressing gastrointestinal issues only and specifically complained that she prescribed Colace when Plaintiff claimed that that prescription was inadequate. (PFOF ¶ 4). This Inmate Complaint was timely and went through the appropriate appellate levels. (Reid Decl. Ex. A). However, this is the only allegation in the Complaint filed with the Court against Dr. Liu that appears to have been exhausted administratively prior to Plaintiff filing suit in federal court. Thus, the only allegation Dr. Liu is not moving to dismiss on the basis of failure to exhaust administrative remedies is the claim by Plaintiff that the prescriptions of medication of May 9, 2018 was inadequate to address his concerns.

**IV.    Plaintiff did not exhaust any of his other allegations against Dr. Liu, including allegations that she failed to treat back and fatigue issues or order a colonoscopy.**

No Inmate Complaint was submitted claiming Dr. Liu specifically failed to treat any fatigue or back issues. (PFOF ¶¶ 5-8). Although Inmate Complaint JCI-2018-14777 does complain of back and fatigue issues, Dr. Liu is not mentioned at all, and the date the Inmate Complaint was submitted does not correspond with the dates he alleges Dr. Liu provided treatment to him, as set forth in Plaintiff's own Complaint at Law. (Reid Decl. Ex. B). All allegations that Dr. Liu failed to treat his fatigue or back, including allegations for failing to order a back specialist or a colonoscopy, should be dismissed.

The only Inmate Complaint claiming Dr. Liu provided inadequate care for gastrointestinal issues was signed May 9, 2018 and limited to her prescribing Colace. (PFOF ¶ 4). He did not submit an Inmate Complaint that she falsely told him she ordered a colonoscopy.

(PFOF ¶ 8-9). None of Plaintiff's allegations against Dr. Liu were addressed administratively, is a necessary pre-requisite to proceeding with the Complaint at Law, with the sole expectation regarding Plaintiff's dispute with the adequacy of the order for Colace in May, 2018. Thus allegations that she did not order a colonoscopy or otherwise failed to treat gastrointestinal issues, in addition to all other complaints as set forth above and in Plaintiff's Complaint, should be dismissed.

## CONCLUSION

Wherefore, Defendant, DR. LILY LIU, respectfully requests that this Honorable Court dismiss all Plaintiff's allegations against her except the allegation she prescribed inadequate medication on May 9, 2018 for gastrointestinal issues for the reasons set forth above and in the accompanying documents.

Dated this July 3, 2019.

Respectively submitted,

CASSIDAY SCHADE LLP

By: /s/ John J. Reid
    One of the Attorneys for Defendant, DR. LILY LIU

John J. Reid
Wis. Bar. No. 1057458
CASSIDAY SCHADE LLP
330 East Kilbourn Avenue, Suite 575
Milwaukee, WI 53202
(414) 224-1086
(414) 224-6044 – Fax
jreid@cassiday.com

9199465 JREID;ACOUTU

6