IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                                                               OPINION AND ORDER

                Plaintiff,

                                                                18-cv-944-bbc

      v.

GEORGIA KOSTOHRYZ and DR. LILY LIU,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Adam Christopher is proceeding on claims that defendants Georgia Kostohryz, a nurse at Jackson Correctional Institution, and Dr. Lily Liu, a physician at the prison, violated his rights under the Eighth Amendment and state law by failing to provide him adequate medical treatment for his back pain, fatigue and gastrointestinal problems. The Wisconsin Department of Justice is representing Kostohryz and Liu is represented by private counsel. Plaintiff has filed several motions that I resolve as set forth below.

OPINION

A. Motion for a More Definite Statement

Plaintiff has requested that the court order defendant Kostohryz to clarify the statement in her answer regarding the employment status of defendant Liu, as well as her statement that plaintiff had not yet signed a medical authorization that would permit Kostohryz to access his medical records. Dkt. #17. I will deny this motion. If plaintiff has questions about Liu's employment status, he should request discovery from Liu directly.

1

Similarly, he should submit a discovery request to Kostohryz's counsel about whether she has signed a medical authorization that would permit Kostohryz access to plaintiff's medical records.

B. Motion to Add Defendants

Plaintiff seeks to add Tammy Maassen (health services manager), Lizzie Tegels (warden) and Kevin Carr (Secretary of Wisconsin Department of Corrections) as defendants in their official capacities. Dkt. #18. He states that these defendants should be added because he (1) needs information on Corrections's policies and procedures that defendants Liu and Kostohryz may not have; (2) needs assistance deciphering the handwriting in some of his medical records; (3) has discovery questions about the financial condition of Jackson Correctional; (4) seeks injunctive relief; (5) seeks discovery of his inmate complaints and other documents not available to defendants; and (6) is concerned that he will be disciplined for requesting access to Corrections's policies.

I will deny this motion. Plaintiff does not allege that Maassen, Tegels or Carr are responsible for any alleged violation of his constitutional rights or that they enacted policies or procedures that caused a violation of his rights. To obtain discovery, plaintiff should review the information provided about discovery in the Preliminary Pretrial Conference Order, dkt. #27 at 8-11, and follow the procedures in Federal Rules of Civil Procedure 26 through 37 and 45. If he has questions about whether he can request a certain document, he should contact defendants' counsel. If he makes a discovery request and is unsatisfied

with defendants' response, he should attempt to resolve the dispute with counsel. If the parties' are unable to resolve a discovery dispute, plaintiff should file a motion to compel with the court. Finally, it is too early to determine whether plaintiff would be entitled to specific injunctive relief that would require the addition of another defendant. If the court determines later that injunctive relief is appropriate, I will give the parties the opportunity to address whether it is necessary to add an additional defendant for purpose of insuring that injunctive relief is provided.

C. <u>Motion to Amend Complaint</u>

Plaintiff also seeks to amend his complaint to add claims against Lin Kimpel, a nurse; Tammy Maassen, nursing supervisor; Debra Tidquist, a nurse practitioner; and Dougherty, an institution complaint examiner, in their individual capacities. Dkt. #24. I will grant the motion to file an amended complaint. Plaintiff did not amend his allegations concerning defendants Kostohryz and Liu, so plaintiff may continue to proceed on his claims that those two defendants failed to provide him adequate medical care for his back pain, fatigue and gastrointestinal problems, in violation of the Eighth Amendment and state negligence law. On the basis of his new allegations, he may also proceed on Eighth Amendment and state negligence claims against Lin Kimpel. Plaintiff alleges that Kimpel failed to provide him any treatment for his gastrointestinal pain in April and May 2017.

However, plaintiff's additional allegations do not support Eighth Amendment or negligence claims against Tidquist, Maassen or Dougherty. As for Tidquist, plaintiff alleges

3

that she canceled his ducosate prescription and changed another prescription on July 31, 2018. These allegations do not suggest that Tidquist was deliberately indifferent or negligent, as plaintiff also alleges that docusate was not helpful to him and caused him pain. Additionally, he does not allege that amending his other prescription caused him harm or explain why he thinks the amended prescription constituted deliberate indifference. As for Maassen and Dougherty, plaintiff alleges that these two defendants conspired with each other to deny the inmate complaint he filed requesting treatment. For the reasons I explained in my previous screening order, these allegations are not sufficient to state claim for relief.

D. Motion for Issuance of Subpoena for Medical Records from Gundersen Lutheran

Plaintiff has filed a motion requesting that the court issue a subpoena on non-party Gundersen Lutheran Medical Center in La Crosse, Wisconsin so that plaintiff may obtain a copy of all of his medical records held by Gundersen Lutheran. Dkt. #28. He states that he received treatment at Gundersen Lutheran for the medical problems at issue in this case.

I will grant this motion and direct the clerk of court to issue a subpoena so that plaintiff may obtain his medical records from Gundersen Lutheran. However, plaintiff should be aware that he will be responsible for arranging service of the subpoena as stated in Rule 45(b). Plaintiff may find it easier to write a letter to Gundersen Lutheran requesting that his medical records be sent to him.

4

E. <u>Motion for Issuance of Subpoena for DAI Policy 300.00.73</u>

Plaintiff has also requested issuance of a subpoena on Wisconsin Department of Corrections so that he may obtain a copy of DAI Policy 300.00.73 concerning inmate-to-staff communications. Dkt. #29. I will deny this motion. Plaintiff should submit a discovery request to counsel for defendant Kostohryz, the state defendant, asking for a copy of this policy. If Kostohryz denies this discovery request, plaintiff may file a motion to compel and the court will determine whether the policy should be provided to plaintiff.

F. <u>Motion to Compel</u>

Plaintiff has filed a motion to compel defendant Kostohryz to provide him a complete copy of his medical records. Dkt. #42. He states that he filed a discovery request for his records on April 22, 2019, and that counsel for Kostohryz responded that providing him with a copy of the records, which are more than 500 pages long, would be unduly burdensome. However, since then, counsel for Kostohryz has provided more than 581 pages of plaintiff's medical records to him and has provided to plaintiff all of the medical records to which Kostohryz has access at this time. Because it appears from the record that counsel has responded to plaintiff's discovery requests, I will deny plaintiff's motion as moot.

G. <u>Motion for Recruitment of Counsel</u>

Plaintiff has renewed his request for counsel. Dkt. #30. A pro se litigant does not have a right to counsel in a civil case, <u>Olson v. Morgan</u>, 750 F.3d 708, 711 (7th Cir. 2014),

5

but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. Santiago v. Walls, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, he has met that requirement.

Second, the pro se litigant must show that he has made reasonable efforts on his own to find a lawyer to represent him. Plaintiff has satisfied ths requirement by showing that he contacted several lawyers who have declined his request for representation.

Third, plaintiff must show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Pruitt, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." McCaa v. Hamilton, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Plaintiff says he needs a lawyer because the complicated medical issues and the

difficulty plaintiff has had in obtaining discovery have made this case too complex for him to litigate on his own.  But there is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel.  <u>Williams v. Swenson</u>, 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); <u>Dobbey v. Carter</u>, 734 F. App'x 362, 364 (7th Cir. 2018) (same); <u>Romanelli v. Suliene</u>, 615 F.3d 847, 853 (7th Cir. 2010) (same).

At this stage, the case does not appear to be too complex for plaintiff to litigate on his own.  Plaintiff is suing only three defendants about medical care for discrete medical problems.  His complaint and numerous other filings have been clear and easy to follow.  His submissions to date suggest that he is intelligent, understands the law and is capable of explaining his version of events and making legal arguments. Additionally, the law governing his claim is well established and was explained to him in the screening order.  And at this point, it is not clear yet whether the case will turn on questions requiring medical expertise or will be resolved on evidence that can be obtained from plaintiff's medical records and his personal knowledge.  <u>See, e.g.</u>, <u>Redman v. Doehling</u>, 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence").

Although plaintiff says he has had difficulty obtaining discovery, plaintiff does not explain specifically what efforts he has made to obtain discovery by following the Federal Rules of Civil Procedure and what responses he has received from defendants' counsel (with the exception of plaintiff's medical records, which he has now received).  Unless plaintiff

provides more information showing that he has been unable to obtain relevant and material information by submitting discovery requests that have gone unanswered, I have no basis to conclude that plaintiff will be unable to obtain the discovery he needs to litigate this case.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2016 and 2017, for example, the court was able to find approximately 17 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Even for a simple case, it often takes months for the court to locate counsel willing to accept the case. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

For these reasons, I will deny plaintiff's request for court assistance in recruiting counsel without prejudice.

ORDER

IT IS ORDERED that

1. Plaintiff Adam Christopher's motion for a more definite statement, dkt. #17, is DENIED.

2. Plaintiff's motion to add Tammy Maassen, Lizzie Tegels and Kevin Carr as defendants, dkt. #18, is DENIED.

3. Plaintiff's motion for leave to file amended complaint, dkt. #24., is GRANTED. Plaintiff is GRANTED leave to proceed on his claims that defendants Georgia Kostohryz, Dr. Lily Liu and Lin Kimpel violated his rights under the Eighth Amendment and state negligence law by failing to provide him adequate medical care for his back pain, fatigue and gastrointestinal problems. Plaintiff is DENIED leave to proceed on any other claim.

4. Plaintiff's motion for issuance of a subpoena to Gundersen Lutheran Medical Center, dkt. #28, is GRANTED. The clerk of court is directed to issue a subpoena form to plaintiff as stated in Rule 45(a)(3) of the Federal Rules of Civil Procedure. Plaintiff will be responsible for arranging service of the subpoena on Gundersen Lutheran.

5. Plaintiff's motion for issuance of a subpoena to the Wisconsin Department of Corrections, dkt. #29, is DENIED.

6. Plaintiff's motion for court assistance in recruiting counsel, dkt. #30, is DENIED without prejudice.

Entered this 25th day of July, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge