IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                                                                      OPINION AND ORDER

              Plaintiff,

                                                                        18-cv-944-bbc

     v.

GEORGIA KOSTOHRYZ and DR. LILY LIU,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Adam Christopher is proceeding on claims that defendants Georgia Kostohryz and Lin Kimpel, nurses at Jackson Correctional Institution, and Dr. Lily Liu, a physician at the prison, violated his rights under the Eighth Amendment and state law by failing to provide him adequate medical treatment for his back pain, fatigue and gastrointestinal problems. The Wisconsin Department of Justice is representing Kostohryz, and Liu and Kimpel are represented by private counsel. There are several motions before the court.

Plaintiff has filed a motion for default judgment against Liu, dkt. #44, a motion for costs, dkt. #62, a motion for leave to file a third amended complaint, dkt. #73, a motion for leave to file a sur-reply brief, dkt. #78, and two motions to strike, dkt. ##86, 88. Both Kostohryz and Liu have filed motions for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies. Dkt. ##32, 35. Defendant Kimpel has filed a motion for a new pretrial conference, dkt. #81, and a motion to strike a motion that plaintiff filed, dkt. #89. I resolve the motions as discussed below.

1

OPINION

A. <u>Plaintiff's Motion for Default Judgment against defendant Liu</u>

Plaintiff contends that the court should enter default judgment against defendant Liu because Liu refused to participate in mediation of plaintiff's medical malpractice claim against her, in violation of Wis. Stat. ch. 655. In particular, when plaintiff filed a mediation request against Liu, Liu responded, by counsel from the Department of Justice, that Liu was a state employee who was exempt from ch. 655. However, in the context of this litigation, Liu has stated that she is not a state employee, and she is being represented by private counsel.

I will deny plaintiff's motion. Default judgment is "appropriate only when a party willfully disregards pending litigation." <u>Sun v. Board of Trustees of Univ. of Illinois</u>, 473 F.3d 799, 811 (7th Cir. 2007). In this instance, Liu has not ignored plaintiff's claims against her. She has filed an answer, dkt. #21, a motion for summary judgment, dkt. #35, and has responded to other motions filed by plaintiff. Liu's refusal to participate in mediation might preclude her from arguing, as a defense, that plaintiff failed to follow the procedural requirements of Wis. Stat. ch. 655 in bringing his medical malpractice claim against her. However, plaintiff has not shown that Liu's refusal to participate in mediation is a valid basis for entering default judgment against Liu.

Plaintiff filed a motion to strike Liu's brief in opposition to his motion for default on the ground that Liu failed to send a copy of the brief to plaintiff. Liu says that she mailed a copy to plaintiff, but also states that she sent him another copy after he filed the motion

to strike. I will deny plaintiff's motion to strike as unnecessary. Regardless whether plaintiff received of copy of Liu's opposition brief in a timely manner, plaintiff has not shown that default judgment should be entered against Liu.

B. Plaintiff's Motion for Costs on Motion to Compel

In a previous order, I denied as moot plaintiff's motion to compel defendant Kostohryz to provide him a complete copy of his medical records. Dkt. #42.[1] Kostohryz's counsel explained that she had provided more than 581 pages of plaintiff's medical records to him and had provided him all of the medical records to which Kostohryz has access. Now plaintiff contends that he is entitled to the costs he incurred in filing the motion to compel because defendant waited until after he filed to motion to respond to his discovery requests.

I will deny plaintiff's request for costs. Plaintiff requested extensive records from Kostohryz, even though plaintiff could have accessed his medical records at the prison. Kostohryz provided the records to plaintiff, which is why I denied plaintiff's motion to compel. Any delay by Kostohryz was minimal, and plaintiff has not shown that he was prejudiced by it. Therefore, I decline to award him any costs.

C. Plaintiff's Motion to File a Third Amended Complaint

Plaintiff also seeks to amend his complaint a third time to add a claim against

---

[1] Although I denied plaintiff's motion to compel in the July 25, 2019 decision, I failed to include the motion in the order portion of that decision. Dkt. #50. Therefore, I have included the motion to compel in the order portion of this decision below.

3

previously-dismissed defendant Debra Tidquist, a nurse practitioner, based on allegations that she changed the dosage for his psyllium fiber prescription, despite knowing that the psyllium had been somewhat helpful to him. (Plaintiff does not say when this occurred.) He also seeks to add claims against Melinda Derus (unit supervisor), the Special Needs Committee and members of the special needs committee: T. Hentz (nurse), D. Huber (nurse), A. Ladwig (nurse) and John Doe (security staffer). Dkt. #71. Plaintiff contends that in January 2019, these proposed defendants denied his request for a lower bunk, a thick mattress, a heating pad, an extra pillow and a second TENS unit, in violation of the Eighth Amendment and state law.

I will deny plaintiff's request to file an amended complaint to add these claims and defendants. His allegation that Tidquist altered, but did not cancel, the dosage of his psyllium prescription suggests that Tidquist was using her medical judgment in deciding the most appropriate dose of a medication that plaintiff was using long-term. His allegations do not suggest that she was deliberately indifferent or negligent.

As for his proposed claims against the members of the Special Needs Committee, his claims are not sufficiently related to the other claims on which he is proceeding in this case. Plaintiff filed this case in November 2018, raising claims regarding medical treatment by medical staff. His new allegations concern a decision made by the Special Needs Committee in January 2019, after he filed this lawsuit, denying special accommodations for his back pain. None of the current medical defendants were involved in the Special Needs Committee's decision and none of the proposed new defendants are medical staff.

4

Therefore, I conclude that plaintiff's new allegations and claims are not sufficiently related to his pending claims to justify adding them at this stage of the case. Moreover, complaints cannot be a moving target, constantly changing throughout the lawsuit. The court and defendants need to know precisely what plaintiff's claims are and what he wants as relief. Therefore, I will deny plaintiff leave to amend his complaint. Going forward, plaintiff should focus on the claims that remain pending in this case.

### D. Defendant Kostohryz's Motion for Summary Judgment

Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with 1997e(a), a prisoner must take each step within the administrative process, Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. Davis v. Mason,

5

881 F.3d 982, 985 (7th Cir. 2018).

Plaintiff is proceeding on claims that defendant Kostohryz failed to provide him adequate medical treatment in 2016 and 2017 for his back pain and gastrointestinal pain. Kostohryz has submitted evidence showing that plaintiff has not filed any inmate complaint against Kostohryz, or anyone else, regarding treatment for plaintiff's back pain in 2016 or 2017. Dkt. #34-1 (plaintiff's inmate complaint history report). In fact, the evidence also shows that plaintiff did not file any inmate complaints about medical care at all in 2016 or 2017. Plaintiff filed his first medical-related complaint on May 10, 2018, and complained about care from Dr. Martin and defendant Liu, dkt. #34-2, but the complaint does not relate to any care decisions by Kostohryz.

Plaintiff argues that he filed health service requests complaining about medical problems in 2017, but health service requests do not satisfy the exhaustion requirements of Wis. Admin. Code ch. DOC 310 and are not sufficient to exhaust plaintiff's administrative remedies. Under Wis. Admin. Code DOC § 310.07, inmates must submit inmate complaints on the complaint forms provided at the prison. Plaintiff also argues that he filed an inmate complaint in September 2017 complaining about paying a co-pay to the health services unit. But this inmate complaint also does not relate specifically to Kostohryz's treatment of his back pain or gastrointestinal problems. Moreover, plaintiff concedes that he did not appeal the dismissal of that inmate complaint, meaning that he did not exhaust that complaint. See Wis. Admin. Code DOC § 310.09 (setting forth appeal procedure for inmate complaints).

6

Finally, plaintiff suggests that the inmate complaint review process was "unavailable" to him because sometimes it was difficult to find inmate complaint forms and because his complaints were sometimes dismissed for illegitimate reasons. But plaintiff's allegations are far too vague to create a genuine factual dispute about whether the exhaustion process was available to him. He does not suggest that he attempted, but was unable, to file an inmate complaint about Kostohryz's treatment of his back pain and gastrointestinal problems in 2016 or 2017. Therefore, I conclude that Kostohryz has proved that plaintiff failed to exhaust his administrative remedies with respect to his claims against her. Accordingly, I will dismiss plaintiff's claims against Kostohryz.

E. <u>Defendant Liu's Motion for Summary Judgment</u>

Plaintiff is proceeding on claims that defendant Liu failed to provide him adequate medical care for his back pain, fatigue and gastrointestinal problems. In his complaint, plaintiff identified three specific instances in which Liu provided alleged poor treatment: (1) on May 9, 2018, when Liu failed to provide any treatment for his back pain or fatigue and gave him medication for his gastrointestinal problems that she knew was ineffective; (2) on May 18, 2018, when Liu failed to provide him any pain medication for his back pain and fatigue; and (3) on August 3, 2018, when Liu failed to order a colonoscopy. Liu contends that plaintiff failed to exhaust his claims against Lin, with the exception of his claim that Liu prescribed inadequate medication on May 9, 2018 for plaintiff's gastrointestinal problems.

Liu's argument is not persuasive. Plaintiff filed two inmate complaints relevant to his

7

claims against Liu. First, he filed an inmate complaint JCI-2018-10539 on May 9, 2018, in which he complained about irritable bowel syndrome, pain and ineffective treatment. Dkt. #38-2. He stated specifically that Liu had prescribed medication, knowing that it was ineffective. Plaintiff's complaint was dismissed, and he appealed it to the appropriate reviewing authorities. Second, plaintiff filed inmate complaint JCI-2018-14777 on July 10, 2018. In that complaint, he alleged that he had been waiting for treatment for his ongoing serious health problems since April 2018 and had been waiting to see a doctor since May. He alleged that he had not received any adequate treatment for back pain, fatigue or irritable bowel syndrome. Dkt. #38-1 at 11. The inmate complaint examiner reviewed plaintiff's medical record and noted that he had been seen by Liu and other health services staff regarding his problems. Id. at 8-9. The complaint was dismissed on the ground that plaintiff was receiving treatment and that his complaint merely reflected a disagreement with his providers' treatment decisions. Plaintiff exhausted the complaint by appealing it to the appropriate reviewing authorities.

Both of these inmate complaints relate to plaintiff's claims against defendant Liu in this case. The first complaint, JCI-2018-10539, is sufficient to exhaust plaintiff's claims against Liu relating to treatment of his gastrointestinal problems. Plaintiff identified his gastrointestinal problems as a longstanding and ongoing problems that were not being treated effectively. He raised the same complaints again in his July 2018 inmate complaint, JCI-2018-14777, even though this was not necessary to exhaust his claim against Liu. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013) ("In order to exhaust their remedies, prisoners

8

need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing."). Plaintiff also raised concerns in JCI-2018-14777 about ongoing back pain and fatigue that had not been treated.

Liu argues that plaintiff did cannot rely on JCI-2018-14777 to exhaust his claims against Liu because he did not mention Liu or any specific treatment Liu provided him in that grievance. But plaintiff was not required by Wisconsin's inmate complaint review system to mention defendant Liu by name in the grievance. Wis. Admin. Code § 310.07 (setting forth requirements for inmate complaints); Maddox v. Love, 655 F.3d 709, 721 (7th Cir. 2011) (inmate's failure to list names of defendants in grievance did not warrant dismissal for failure to exhaust where grievance procedures did not require him to do so). Liu also contends that the treatment dates he mentions in JCI-2018-14777 do not correspond with treatment that Liu provided to him. However, plaintiff was clearly complaining about ongoing treatment problems, which encompassed Liu's treatment of him, and the inmate complaint examiner and reviewing authorities understood plaintiff's complaint to cover treatment provided by Liu. Therefore, I conclude that plaintiff has exhausted his administrative remedies as to his claims against Liu. I will deny Liu's motion for summary judgment.

One final note related to this motion. Liu failed to file a reply brief in support of Liu's motion for summary judgment. She later filed a request to submit an untimely reply brief, stating that missing the deadline was inadvert. Dkt. #73. Plaintiff then filed a motion to strike the reply brief, or in the alternative, for permission to file a sur-reply. Dkt. #78. Neither Liu's reply brief or plaintiff's proposed sur-reply adds anything new to the arguments

that the parties presented already. Therefore, I will deny both requests to file additional briefs.

F. Defendant Kimpel's Motion to Reset Schedule

Defendant Lin Kimpel has filed a motion requesting that new deadlines be set in this case. Dkt. #81. Kimpel explains that she was never served with plaintiff's original complaint and was not served with plaintiff's second amended complaint until August 15, 2019, more than a month after the July 3, 2019 deadline for filing dispositive motions on exhaustion. Kimpel requests that the court set a new pretrial conference so that new deadlines can be set. I will grant Kimpel's request in part and will deny it in part. Kimpel may file a motion for summary judgment on exhaustion grounds by December 20, 2019, if she wishes to do so. The rest of the schedule will remain the same. I will deny Kimpel's request for a new pretrial conference. I will also deny Kimpel's motion to strike plaintiff's response to her request for a new schedule.

ORDER

IT IS ORDERED that

1. Plaintiff Adam Christopher's motion to compel, dkt. #42, motion for default judgment, dkt. #44, motion for costs, dkt. #62, motion for leave to file a third amended complaint, dkt. #71, motion to strike and for leave to file a sur-reply, dkt. #78, motion to strike brief in opposition, dkt. #86, and motion to strike request for new schedule, dkt. #88,

are DENIED.

2. Defendant Georgia Kostohryz's motion for summary judgment, dkt. #32, is GRANTED. Plaintiff's claims against Kostohryz are DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

3. Defendant Lily Liu's motion for leave to file reply brief, dkt. #73, and motion for summary judgment, dkt. #35, are DENIED.

4. Defendant Lin Kimpel's motion requesting a new pretrial conference order, dkt. #81, is GRANTED IN PART and DENIED IN PART. Kimpel's requests for a conference and new schedule are DENIED. Kimpel may have until December 20, 2019, in which to file a motion for summary judgment on exhaustion grounds. The rest of the schedule will remain the same.

5. Kimpel's motion to strike plaintiff's response, dkt. #89, is DENIED.

Entered this 22d day of October, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge