IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                OPINION AND ORDER

        Plaintiff,

                18-cv-944-bbc

    v.

DR. LILY LIU AND LIN KIMPEL,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Adam Christopher is proceeding on claims that defendants Lin Kimpel, a nurse at Jackson Correctional Institution, and Dr. Lily Liu, a physician at the prison, violated his rights under the Eighth Amendment and state law by failing to provide him adequate medical treatment for his back pain, fatigue and gastrointestinal problems. Liu and Kimpel are represented by private counsel. There are several motions before the court.

Plaintiff filed a motion for leave to file a fourth amended complaint that corrects one date in his complaint. Dkt. #107. I will deny that motion. Plaintiff has provided the correct date to defendants and the court, so it is not necessary to file a new pleading.

Defendant Liu filed a motion for leave to file an answer to plaintiff's second amended complaint. Dkt. #105. I will grant that motion. With the many pleadings that have been filed in this case, Liu's confusion as to whether she should have filed a new answer to plaintiff's second amended complaint is understandable.

Defendant Kimpel filed a motion to dismiss plaintiff's state law claims, dkt. #91, and

a motion for summary judgment for failure to exhaust administrative remedies, dkt. #97. I will deny the motion to dismiss the state law claims and will grant the motion for summary judgment in part and deny it in part, as discussed below.

Finally, defendants Liu and Kimpel have filed motions for extensions of time to file dispositive motions. Dkt. #103 and #114. I will grant the motions in part, and will extend the dispositive motions deadline to March 24, 2020.

OPINION

A. Defendant Kimpel's Motion to Dismiss

Defendant Kimpel filed a motion to dismiss plaintiff's state law claim for medical negligence and malpractice on the ground that registered nurses cannot be sued for medical malpractice under Wis. Stat. ch. 655, and even if they can, plaintiff has failed to comply with the procedural requirements of Chapter 655. However, Kimpel's interpretation of Chapter 655 is only partially accurate.

Chapter 655 sets forth a broad legislative scheme regulating medical malpractice actions, including procedural requirements for bringing claims, insurance obligations and the creation of the Injured Patients and Families Compensation Fund. Wisconsin Medical Society, Inc. v. Morgan, 2010 WI 94, ¶ 11, 328 Wis. 2d 469, 787 N.W.2d 22. Defendant Kimpel is correct that Chapter 655 is intended to provide the "exclusive procedure and remedy" for medical malpractice claims brought against medical care providers who are covered by the chapter. However, Chapter 655 does not apply to all individuals who provide

2

medical care. Chapter 655 applies to "health care providers" and "employees" of health care providers, as those terms are defined in the statute. Phelps v. Physicians Ins. Co. of Wisconsin, 2009 WI 74, ¶ 64, 319 Wis. 2d 1, 768 N.W.2d 615 (Phelps II) ("Chapter 655 constitutes the exclusive procedure and remedy for medical malpractice in Wisconsin against health care providers, as that term is defined in Wis. Stat. § 655.001(8), and their employees.") (citation omitted) (emphasis added). Thus, if a named defendant meets the definition of "health care provider" or "employee" of a health care provider, the procedures and remedies set forth in Chapter 655 govern any medical malpractice claim brought against the defendant. Individuals who provide medical care but who do not qualify as "health care providers" or "employees" of a health care provider under the definition in Chapter 655 are not covered by the statute. Phelps v. Physicians Ins. Co. of Wisconsin, 2005 WI 85, ¶ 62, 282 Wis. 2d 69, 698 N.W.2d 643 (Phelps I) (explaining that provisions of chapter "cannot be applied to a non-chapter 655 case or non-chapter 655 health care provider").

"Nurses" are not "health care providers" subject to individual liability under the statute. Wis. Stat. § 655.002(1); Patients Comp. Fund v. Lutheran Hosp.–La Crosse, Inc., 216 Wis. 2d 49, 56, 573 N.W.2d 572, 575 (Wis. Ct. App. 1997). A claim of medical negligence against a nurse who is an "employee" of a "health care provider" is still governed by Chapter 655, because providers are required to maintain insurance to cover employees who are not obligated to maintain their own insurance. Patients Comp. Fund, 216 Wis. 2d at 56, 573 N.W.2d at 575. Thus, if an injured claimant alleges that a nurse employed by a "health care provider" was negligent, the claimant could name the nurse's employer or the

3

employer's insurer as a defendant. Wis. Stat. § 655.23(5); Rogers ex rel. Rogers v. Saunders, 2008 WI App 53, ¶ 2, 309 Wis. 2d 238, 241, 750 N.W.2d 477, 479 ("[A] nurse employed by a health care provider (as defined by the chapter) has no personal exposure for malpractice liability. Rather, any negligence on the part of the nurse is included in the liability limit of the health care provider and is covered by the provider's insurance.").

If the nurse is not employed by a "health care provider," Chapter 655 does not apply at all. In such cases, medical malpractice claims against nurses who are not employed by a health care provider are not governed by Chapter 655, but are instead governed by common law negligence standards. Smith v. Hentz, No. 15-CV-633-JDP, 2018 WL 1400954, at *3 (W.D. Wis. Mar. 19, 2018).

In this instance, defendant Kimpel contends that she cannot be sued under Chapter 655, but she has not shown that Chapter 655 even applies to her. She does not identify who employed her during the relevant time period or whether her employer qualified as a "health care provider" under Chapter 655. It may be that plaintiff's claim against Kimpel is governed by Chapter 655 and that plaintiff was required to follow the procedural requirements of Chapter 655 and seek recovery from Kimpel's employer or the employer's insurer. However, Kimpel has provided no information about her employer at all. Accordingly, I will not dismiss plaintiff's state law claims against Kimpel.

B. <u>Defendant Kimpel's Motion for Summary Judgment for
Failure to Exhaust Administrative Remedies</u>

Defendant Kimpel also filed a motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies as to his claims against her. Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with 1997e(a), a prisoner must take each step within the administrative process, <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, <u>Cannon v. Washington</u>, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, <u>Burrell v. Powers</u>, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." <u>Pozo</u>, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. <u>Woodford v. Ngo</u>, 548 U.S. 81, 88-89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. <u>Davis v. Mason</u>, 881 F.3d 982, 985 (7th Cir. 2018).

Plaintiff is proceeding on claims that defendant Kimpel failed to provide him adequate medical treatment for his back pain, fatigue and gastrointestinal problems. In his amended complaint, plaintiff identified three specific instances in which Kimpel provided alleged poor treatment: (1) on April 25, 2017, plaintiff saw Kimpel in health services for

5

gastrointestinal pain, and she only instructed him to eat fresh fruits and vegetables despite knowing that prisoners have no way of obtaining either; (2) on May 13, 2019, Kimpel called plaintiff to health services for his gastrointestinal pain, but did not provide any medication or treatment for him, instead keeping him distracted while correctional officers searched his room and confiscated his medications; and (3) on June 28, 2018, plaintiff saw Kimpel about his back pain, fatigue and gastrointestinal problems, but she did not provide treatment and instead told him only that he had a doctor appointment soon. (Plaintiff originally alleged that he saw Kimpel on July 28, but he clarified in recent filings that he saw her on June 28.)

Kimpel contends that plaintiff failed to exhaust any of his deliberate indifference or medical negligence claims against her. As an initial matter, the Prison Litigation Reform Act's exhaustion requirement does not apply to state law claims, so I will deny Kimpel's motion as to plaintiff's state law claims. 42 U.S.C. § 1997e.

As for plaintiff's Eighth Amendment claims, I agree with Kimpel that plaintiff failed to exhaust his claim regarding Kimpel's treatment in April 2017. The evidence shows that plaintiff filed no inmate complaints about his medical treatment in 2017. Plaintiff filed his first medical-related complaint on May 9, 2018, but the complaint does not mention any care decisions by Kimpel in 2017, and even if it did, it would be untimely.

However, I conclude that plaintiff's May 9, 2018 inmate complaint was adequate to exhaust his claims against Kimpel stemming from her treatment decisions in May and July 2018. Plaintiff complained in his May 9, 2018 inmate complaint, JCI-2018-10539, about colon problems, pain and ineffective treatment. Dkt. #38-2. Although he identified

treatment decisions by Dr. Liu and Dr. Martin in particular, he alleged that his problem had been ongoing, that he had been seen multiple times and that staff in health services was not treating him effectively. His claims against Kimpel in this lawsuit are related to his complaint about ongoing ineffective treatment for his gastrointestinal problems. "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). Once he had fully exhausted one inmate complaint regarding his longstanding and ongoing gastrointestinal problems, he was not required to submit a new complaint each time health services staff failed to provide him adequate treatment for the same problem. Therefore, plaintiff has exhausted his administrative remedies as to his claims against Kimpel based on her post-May 2018 treatment decisions.

C. Defendants Liu's and Kimpel's Motions to Extend Dispositive Motion Deadline

Defendants Kimpel and Liu have filed motions requesting a new deadline for dispositive motions. Liu seeks a 90-day extension. The current deadline is January 24, 2020. Defendants explain that discovery has been delayed because of the numerous exhaustion motions and plaintiff's failure to execute a medical release. In addition, Kimpel says that her late entry into this case has made it difficult for her to collect the discovery she needs in time to meet the January 24 deadline.

I will grant the parties' motion in part. The new summary judgment deadline will be

7

March 24, 2020. If plaintiff has not yet provided a medical authorization form to defendants, he should do so. If defendants have trouble obtaining a medical authorization form from plaintiff, they should notify the court as soon as possible.

ORDER

IT IS ORDERED that

1. Plaintiff Adam Christopher's motion for leave to file a fourth amended complaint, dkt. #107, is DENIED as unnecessary.

2. Defendant Lin Kimpel's motion to dismiss, dkt. #91, is DENIED.

3. Defendant Kimpel's motion for summary judgment, dkt. #97, is GRANTED IN PART and DENIED IN PART. Kimpel's motion is GRANTED with respect to plaintiff's claim that Kimpel failed to provide him adequate medical treatment in April 2017. That claim is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies. The motion is DENIED in all other respects.

4. Defendant Liu's motion for leave to file an answer to plaintiff's second amended complaint, dkt. #105, is GRANTED.

5. Defendants Liu's and Kimpel's motions for an extension of the dispositive motions deadline, dkt. #103 and dkt. #114, are GRANTED IN PART and DENIED IN PART. The new dispositive motions deadline is March 24, 2020.

Entered this 16th day of January, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge