IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                   Plaintiff,

     v.

DR. LILY LIU AND LIN KIMPEL,

                  Defendants.

OPINION AND ORDER

18-cv-944-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Adam Christopher is proceeding on claims that defendants Lin Kimpel, a nurse at Jackson Correctional Institution, and Dr. Lily Liu, a physician at the prison, violated his rights under the Eighth Amendment and state law by failing to provide him adequate medical treatment for his back pain, fatigue and gastrointestinal problems. Liu and Kimpel are represented by private counsel. There are several motions before the court.

Plaintiff filed a motion to strike a certificate of service filed by counsel for defendant Liu, on which counsel mistakenly identified Liu by the incorrect name. Dkt. #110. I will deny this motion as unnecessary. Counsel has corrected the mistake and plaintiff has received the documents attached to the certificate of service.

Second, plaintiff has filed a motion to supplement his complaint with new allegations and claims against defendant Liu based on her alleged failure to treat his medical conditions in 2019. Dkt. #125. I will deny this motion. As I have explained to plaintiff previously, a complaint cannot be a moving target. They cannot be supplemented continuously with

1

new allegations and claims.  This case has progressed to the summary judgment stage, which means that it is now too late to add new claims to the case.

Third, plaintiff has filed a motion to extend his deadline for filing an opposition brief to defendant Liu's motion for summary judgment.  Dkt. #152.  I will grant the motion. Plaintiff has since filed his opposition materials and the deadline for Liu's reply brief has been adjusted accordingly.  Because the parties have both been able to submit summary judgment materials, I will deny plaintiff's motion to stay summary judgment proceedings. Dkt. #149.

Fourth, plaintiff has filed two motions to compel discovery from defendant Liu.  Dkt. ##112, 144.  He contends that Liu has delayed responses to several requests, made unsupported objections to others and failed to respond at all to some of his requests.  Some of plaintiff's arguments are meritless, but some of his arguments appear to be well-taken. However, I will reserve ruling on these motions until after the parties have completed briefing on Liu's pending motion for summary judgment.  After reviewing the parties' briefs and proposed findings of fact, I will be better able evaluate which of plaintiff's discovery requests are relevant to his claims against Liu and whether Liu's objections are reasonable. I will also reserve ruling on plaintiff's motion for an issuance of subpoena for documents from the Department of Corrections, dkt. #150.  However, both parties must clarify whether plaintiff has had access to his prison medical records, which records he has had access to and when he gained access to his medical records.

Finally, defendant Liu has filed a motion for leave to file an untimely expert witness

disclosure, identifying herself as an expert who will testify about the care she provided to plaintiff in this case.  Dkt. #132.  I will grant this motion.  Liu's delay in submitting her expert witness disclosures was minor and did not prejudice plaintiff.

ORDER

IT IS ORDERED that

1.  Plaintiff Adam Christopher's motion to strike, dkt. #110, motion to supplement, dkt. #125, and motion to stay, dkt. #149, are DENIED.

2.  Plaintiff's motion for an extension of time to file his response brief, dkt. #152, is GRANTED.

3.  Defendant Liu's motion to file an untimely expert witness disclosure, dkt. #132, is GRANTED.

4.  Plaintiff and defendant Liu must notify the court by May 13, 2020: (1) whether plaintiff has had access to his prison medical records; (2) what types of records plaintiff has had access to; (3) how frequently plaintiff has been able to review his prison medical records; (4) what records plaintiff has been unable to review, if any; and (5) why plaintiff has been prohibited from reviewing certain medical records, if he has.

Entered this 6th day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3

4