IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                                                                                 OPINION AND ORDER

                   Plaintiff,

                                                                                 18-cv-944-bbc

     v.

DR. LILY LIU,

                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Adam Christopher contended that defendant Dr. Lily Liu, a physician at Jackson Correctional Institution, violated his rights under the Eighth Amendment and state law by failing to provide him adequate medical treatment for his back pain, fatigue and gastrointestinal problems. On May 28, 2020, I granted defendant's motion for summary judgment and entered judgment in defendant's favor. Dkt. #165. Now plaintiff has filed three motions that are before the court.

       First, plaintiff filed a motion to alter or amend the judgment. Dkt. #173. Second, he filed a motion to extend his time to file an appeal. Dkt. #178. Third, he filed a motion to stay an order on defendant's bill of costs pending the outcome of his appeal. Dkt. #172. Defendant opposes all of the motions. For the reasons below, plaintiff's motion to alter or amend the judgment and his motion to stay an order on defendant's bill of costs will be denied. His request to extend the time to file his appeal will be granted.

1

OPINION

A. Plaintiff's Motion to Alter or Amend the Judgment

As an initial matter, plaintiff states that he is bringing his motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. However, motions under Rule 59(e) must be brought within 28 days from the entry of judgment, with no possibility of extension. Banister v. Davis, 140 S. Ct. 1698, 1703 (2020); Fed. R. Civ. P. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline). Plaintiff's motion was not filed within 28 days of the entry of judgment, which would have been June 25. The motion was dated June 26, postmarked June 29, and received by the court on July 1. Therefore, plaintiff may not challenge the judgment under Rule 59(e).

When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, the court must treat it as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. Banks v. Chicago Board of Education, 750 F.3d 663, 666 (7th Cir. 2014). Rule 60(b) allows a party to seek relief from an order for any of six enumerated reasons: mistake; inadvertence; newly discovered evidence; fraud; or any other reason justifying relief. Fed. R. Civ. P. 60(b).

Plaintiff contends that the judgment should be vacated because the court made errors of law and fact in granting summary judgment to defendant. First, he argues that the court incorrectly resolved disputed issues of fact in defendant's favor. He says that his stating "disputed" to defendant's proposed finding of fact should be sufficient to place a fact in dispute, but he is incorrect. A fact is genuinely disputed only if the opposing party submits

2

evidence sufficient to raise a genuine dispute as to the particular fact. In resolving any potential disputes in this case, all of plaintiff's evidence was taken into consideration. Facts were resolved in defendant's favor only where plaintiff had failed to cite evidence sufficient to dispute defendant's evidence. For example, if plaintiff attempted to dispute one of defendant's proposed findings of fact but lacked the medical expertise to do so, defendant's proposed fact was deemed undisputed.

Second, plaintiff argues that it was error for the court to state that defendant ordered physical therapy and an orthopedic consult for plaintiff's back problems. He argues that a different doctor ordered physical therapy, and that defendant sent him to an orthopedic physician's assistant, not to an orthopedic doctor. However, even if what plaintiff says is accurate, it makes no difference to the outcome of this case. It was evident from the record that plaintiff had failed to show that defendant acted with deliberate indifference to his back pain; the evidence was that health services staff was attempting to treat his back pain. Plaintiff had received a TENS unit, exercise instructions for his back from a physical therapist, multiple pain medications and a referral to an orthopedic specialist. No reasonable jury could conclude that defendant violated plaintiff's Eighth Amendment rights.

Third, plaintiff argues that he now has evidence that defendant's actions fell below the standard of care applicable to a prison doctor. He submits policies from the Department of Corrections and other institutions about treatment of certain medical problems. However, this evidence and argument comes too late. Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an

3

appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). A losing party may bring a Rule 60 motion where it discovers new evidence that it could not have discovered previously, using reasonable diligence, but the evidence on which plaintiff focuses in his Rule 60 motion is not new evidence and he has not provided adequate justification for his failure to submit it earlier. Moreover, most of the evidence that plaintiff cites is inadmissible hearsay evidence and would not be sufficient to establish the applicable standard of care.

For all of these reasons, I will deny plaintiff's motion for relief under Rule 60(b).

### B. Plaintiff's Motion to Extend the Time to Appeal

Plaintiff has also filed a motion requesting the court to extend his deadline for filing an appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Under that rule, the court may extend the deadline if the party requests an extension no later than 30 days after the time for filing a notice of appeal expires. In this case, plaintiff's deadline for filing a notice of appeal expired on June 29. His deadline for seeking an extension expired on July 29, 2020. The court received plaintiff's motion on July 30.

Defendant objects to plaintiff's request, arguing that plaintiff's motion is untimely. However, plaintiff's motion is timely under the prison mailbox rule. Under that rule, a prisoner's notice of appeal is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk. Fed. R. App. P. 4(c)(1). Although the prison mailbox rule was applied first to notices of appeal, the Court of Appeals for the

Seventh Circuit applies the rule to "all district-court filings save for 'exceptional situations.'" Taylor v. Brown, 787 F.3d 851, 858–59 (7th Cir. 2015) (quoting Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001) (listing numerous situations in which the prison mailbox rule has been applied). In this instance, plaintiff avers that he placed his motion requesting an extension of time to file his appeal in the prison mail system on July 27, 2020, which is within his deadline for filing a notice of appeal. The motion is postmarked on July 28, and the court received it on July 30. Therefore, his motion is timely under the prison mailbox rule.

Plaintiff says that the Covid-19 restrictions kept him from gaining access to his medical records and other documents he needed to file a timely Rule 59 motion, causing him to lose the tolling of his appellate deadline that he was counting on. Under the circumstances, I will grant plaintiff's motion for an extension of his deadline to appeal. However, under Rule 4(a)(5)(c), I can extend the deadline for only 14 days from the date of this order. Therefore, plaintiff must act quickly if he wants to pursue an appeal of the summary judgment decision.

### C. Plaintiff's Motion to Stay Order on Bill of Costs

Finally, plaintiff has filed a motion under Rule 62 of the Federal Rules of Civil Procedure, asking the court stay an order on defendant's request for costs until the resolution of plaintiff's appeal. I will deny the motion as premature. Under Rule 62, a party may obtain a stay of execution of a money judgment pending appeal by posting a bond

assessed by the court. However, costs have not yet been assessed against plaintiff, so there is no order or judgment to stay. In addition, plaintiff has not yet filed an appeal. I will not consider staying any proceedings in this court until plaintiff's appeal has been filed and accepted by the court of appeals.

ORDER

IT IS ORDERED that

1. Plaintiff Adam Christopher's motion to alter or amend the judgment, dkt. #173, is DENIED.

2. Plaintiff's motion for an extension of time, dkt. #178, is GRANTED. Plaintiff's deadline for filing an appeal is extended by 14 days from the date of this order.

3. Plaintiff's motion to stay defendant's collection of costs pending, dkt. #172, is DENIED.

Entered this 12th day of August, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge